960 F.2d 147
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
George Ramon KIMBLE, Defendant-Appellant.
 No. 91-5111.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 23, 1992
Decided: April 21, 1992
 
 Before MURNAGHAN, SPROUSE, and WILKINS, Circuit Judges.
 Terry N. Grinnalds, Hampton, Virginia, for Appellant.
 Richard Cullen, United States Attorney, Mark A. Exley, Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 OPINION
 PER CURIAM:
 
 
 1
 George Ramon Kimble appeals from his convictions of possession with the intent to distribute cocaine, use of a firearm in relation to a drug trafficking offense and possession of an unregistered shotgun. Because we find that the district court did not err in admitting evidence obtained as a result of a warrantless investigative stop of the vehicle in which Kimble was a passenger and because we find that the court did not abuse its discretion in admitting expert testimony from a police officer, we affirm Kimble's convictions.
 
 
 2
 Hampton, Virginia, police officers were alerted that a fugitive named Sidney Harrison might be in the area driving an older model white Cadillac Seville with a blue top and spoke-rimmed wheels. Officers spotted a vehicle matching the description in every particular except that the license plate number was different. In addition, one of the four occupants resembled Harrison's description.[1] While the officers were in the process of stopping the vehicle, Kimble, a back seat passenger, was observed ducking below view and "pulling something out." Because one officer thought that Kimble's movements suggested that he might be armed, the officer removed Kimble from the car and patted him down. A shotgun was discovered concealed in Kimble's pants leg. Kimble was then placed under arrest. During a search incident to the arrest, the police uncovered eight packets of cocaine, marijuana, rolling papers, and over $1000 in currency concealed on his person. At a hearing on Kimble's motion to suppress, the district court found that the stop of the vehicle and the subsequent pat down and search of Kimble were reasonable and denied the motion.
 
 
 3
 This Court must make an independent determination on the legality of the police officer's stop of Kimble, but the findings of fact by the district court will not be disturbed unless they are clearly erroneous. See United States v. McCraw, 920 F.2d 224, 227 (4th Cir. 1990). A brief investigative stop is permissible whenever the police officer has a reasonable suspicion grounded in specific and articulable facts that the person he stopped has been or is about to be involved in a crime. See United States v. Hensley, 469 U.S. 221 (1985). If the officer reasonably suspects the person detained may be armed and dangerous, he may conduct a limited search of the person's clothing "confined in scope to an intrusion reasonably designed to discover guns, knives, clubs, or other hidden instruments for the assault of the police officer." Terry v. Ohio, 392 U.S. 1, 29 (1968). The presence or absence of reasonable suspicion must be determined in light of the totality of the circumstances confronting the police officer, including all information available to an officer and any reasonable inferences to be drawn at the time of the decision to stop a suspect. United States v. Crittendon, 883 F.2d 326, 328 (4th Cir. 1989). If
 
 
 4
 the police make a Terry stop in objective reliance on a flyer[,] ... the evidence uncovered in the course of the stop is admissible if the police who issued the flyer ... possessed a reasonable suspicion justifying a stop and if the stop that in fact occurred was not significantly more intrusive than would have been permitted [to the issuers of the flyer.]
 
 
 5
 Hensley, 469 U.S. at 233 (citation omitted).
 
 
 6
 The district court found that the officers were informed that there was an outstanding warrant for Sidney Harrison's arrest and that Harrison might be in the vicinity driving a certain vehicle. The court also found that the officers observed a vehicle fitting the description and that they observed suspicious movements on the part of Kimble. These findings are not clearly erroneous. The record discloses that the officers had a reasonable suspicion to stop the vehicle in which Kimble was a passenger and to pat him down for weapons. Once the officer discovered the shotgun, he had probable cause to arrest Kimble and conduct a search of his person incident to that arrest. Therefore, the district court did not err in denying Kimble's motion to suppress.
 
 
 7
 Kimble asserts that the court erred in permitting a police officer testifying as an expert witness to state his opinion that a person possessing such an amount of cocaine and cash as Kimble would probably intend to distribute the drug.[2] Kimble bases his argument on Federal Rule of Evidence 704(b), which states:
 
 
 8
 No expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto. Such ultimate issues are matters for the trier of fact alone.
 
 
 9
 The trial court has broad discretion concerning the admission or exclusion of expert evidence, and the action of the trial judge will be sustained unless it is manifestly erroneous. Salem v. United States Lines Co., 370 U.S. 31, 35 (1962). An expert may testify concerning factual questions; he is prohibited from instructing the finder of fact what its finding should be on the factual question about which he is testifying. See United States v. Mest, 789 F.2d 1069, 1071-72 (4th Cir.), cert. denied, 479 U.S. 846 (1986). Because the officer did not state that Kimble intended to distribute the cocaine but left that inference to the jury, the admission by the court of the testimony was not manifestly erroneous. Kimble's reliance on United States v. Windfelder, 790 F.2d 576 (7th Cir. 1986), is misplaced because, in that case, an IRS special agent improperly testified as to his conclusion that the defendant intentionally understated income. The police officer who testified at Kimble's trial did not testify about any conclusion on Kimble's guilt.
 
 
 10
 Because we find evidence obtained as a result of the Terry stop of the vehicle in which Kimble was a passenger and the testimony of a police officer as an expert witness admissible, we affirm Kimble's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 It was later stipulated that while Harrison was not an occupant, the vehicle had been previously registered to him
 
 
 [2]
 Contrary to the assertion by the Government, Kimble sufficiently objected to the officer's comments at trial to preserve this issue for appeal